FILED ENTERED
LODGED RECEIVED
JUL 26 2011
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

10-CV-01917-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ROBERT I. JOSEPH, | CASE NO. C10-01917-MJP |
|---|---|
| Plaintiff, | ORDER DISMISSING JOSEPH'S QUI TAM ACTION AND UNSEALS THE ACTION |
| v. | |
| ERIC K. SHINSEKI, et al., | |
| Defendant. | |

This matter comes before the Court on Government's notice decling to intervene and suggesting dismissal (Dkt. No. 25.) Having reviewed the motion, the response (Dkt. No. 26), the reply (Dkt. No. 27), and all related filings, the Court DISMISSES the qui tam action against the VA and the Individual Defendants in their official capacity with prejudice, DENIES Joseph's request for investigation (Dkt. No. 26), and UNSEALS the action. The personal capacity claims against the Individual Defendants are DISMISSED without prejudice.

**Background**

Joseph is a former employee of the U.S. Department of Veterans Affairs ("VA") and challenges the VA's salary classification system. Based on his complaint, Joseph responded to a

job announcement from the VA advertising a GS-9 position with the possibility of attaining a GS-12 salary after two years. (Compl. ¶¶ 1-2.) Joseph alleges he accepted the position but was promoted only to GS-10. (Id. ¶ 5.) Joseph believes the VA failed to pay him in accordance with Office of Personnel Management ("OPM") guidelines. (Id.)

In November 2010, Joseph filed two separate actions arising from the alleged misclassification. The first asserted claims on Joseph's behalf ("Plaintiff's Action"). In April, 2011, the Court granted Defendant's motion to dismiss Plaintiff's Action for lack of subject matter jurisdiction. (Dkt. No. 22.) The second asserted claims as a relator on behalf of the United States under the False Claims Act ("Qui Tam Action"). Plaintiff's Qui Tam Action asserts Fraud, False Claims Act, breach of contract, Racketeering Influenced and Corrupt Organizations Act ("RICO"), embezzlement and conversion claims.

## Discussion

A. Dismissal of a Qui Tam Action

The False Claims Act permits a private person, referred to as a relator, to bring a civil action on behalf of the federal government against an individual or corporation for knowingly presenting false claims to the government. 31 U.S.C. § 3730(b). To proceed with the qui tam action, the relator must provide a copy of the complaint to the government sixty days before the complaint is served on the defendant. See 31 U.S.C. § 3730(b)(2). This period allows the government to investigate the relator's claims and determine whether it will either elect or decline to intervene. 31 U.S.C. § 3730(b)(2)(4).

In declining to intervene, the government may move to dismiss a qui tam action when it believes a case has no merit. 31 U.S.C. § 3730(c)(2)(a); see United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 753 (9th Cir. 1993) (citing Juliano v. Fed. Asset Disposition Ass'n, 736 F.Supp.

348 (D.D.C.), aff'd, 949 F.2d 1101 (D.C. Cir. 1992)). The government may dismiss the action "notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A).

Here, the government suggests the Court dismiss Joseph's qui tam action based on two grounds: (1) lack of subject matter jurisdiction; and (2) sovereign immunity. The Court agrees.

i. Lack of subject matter jurisdiction

Joseph's qui tam action against the United States, the VA, and the Individual Defendants in their official capacity lacks subject matter jurisdiction because it presents no justiciable case or controversy, as required by Article III of the United States Constitution. See Sec'y of State Md. v. Joseph H. Munson Co., 467 U.S. 947, 955 n.4 (1984). In a qui tam action, the United States is the real party of interest, even if it permits a relator to pursue the action on its behalf. See Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007) (citing In re Schimmels, 127 F.3d 875, 882 (9th Cir. 1997)). A suit against a federal agency is considered an action against the United States if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." Dugan v. Rank, 372 U.S. 609, 620 (1963) (citing Land v. Dollar, 330 U.S. 731, 738 (1947)). Without an actual case or controversy, the claim should be dismissed for a lack of subject matter jurisdiction. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 520-21 (9th Cir. 1999).

Here, Joseph's qui tam action brings charges against an individual or corporation for knowingly presenting false claims to the government. Since Joseph is suing the United States, the Plaintiff and Defendant are the same and any judgment would be paid out of the federal treasury back to the federal treasury. Courts only adjudicate justiciable controversies. Because

1 | Joseph's qui tam action presents no case or controversy, the Court DISMISSES the qui tam
2 | action for a lack of subject matter jurisdiction.

    ii. <u>Sovereign immunity</u>

Alternatively, the Court finds Joseph's claims barred by sovereign immunity. Joseph is suing the Individual Defendants in both their official and personal capacities.

        a. <u>Official capacity</u>

A suit against an agency or an officer of the United States in his or her official capacity is considered an action against the United States. <u>Balser v. Dep't of Justice</u>, 327 F.3d 903, 907 (9th Cir. 2003). The United States cannot be sued without express statutory authorization. <u>N. Star Alaska v. United States</u>, 3 F.3d 1430, 1432 (9th Cir. 1993). A plaintiff bringing an action against the United States must demonstrate an unequivocal waiver of immunity. See <u>Graham v. Fed. Emergency Mgmt. Agency</u>, 149 F.3d 997, 1005 (9th Cir. 1998). Otherwise, a court lacks subject matter jurisdiction over claims against the United States. <u>Balser</u>, 327 F.3d at 907.

Here, the False Claims Act allows relators to sue third parties for knowingly filing false claims against the federal treasury but does not allow the United States to be sued. The United States has not waived its sovereign immunity for False Claims Act claims. Joseph's claims against the United States and the VA are barred by sovereign immunity. Since a plaintiff cannot get around the bar by naming officers and individual employees, Joseph's claims against the Individual Defendants in their official capacity are barred by sovereign immunity.

        b. <u>Personal capacity</u>

In suggesting dismissal, the government believed Joseph's complaint sued the Individual Defendants in their official capacity only. In his response, Joseph also asserts his claims against the Individual Defendants in their personal capacity. (Dkt. No. 26.) Since Joseph's complaint

did not provide notice of claims against the Individual Defendants in their personal capacity, the Court DISMISSES the personal capacity claims against the Individual Defendants without prejudice.

B. Request for Investigation

In his response, Joseph demands the government be ordered to investigate his claims. The Court declines to do so. The False Claims Act confers broad discretion on the Attorney General to determine which qui tam actions to pursue. Prosecutorial discretion allows the government to decide whether it will investigate claims. United States ex rel., Sequoia Orange Co. v. Baird-Neece Paking Corp., 151 F.3d 1139, 1143 (9th Cir. 1998). Since the government has prosecutorial discretion, the Court DENIES Joseph's request to order an investigation.

C. The Qui Tam Seal

Under the False Claims Act, a qui tam complaint is filed under seal for at least sixty days, at which point the government can move for an extension to investigate or decline to intervene. 31 U.S.C. § 3730(b)(2). The complaint can only be served on the defendant by court order. See id.

Here, the Court sealed the entire case until the government determined whether it would proceed with the action. (Dkt. No. 22 at 3.) Since the government declined to intervene and decided the papers do not contain sensitive information, it does not object to unsealing the case if the Court dismisses the case. The Court UNSEALS the action.

**Conclusion**

The Court DISMISSES the qui tam action on the basis of sovereign immunity and qualified immunity with prejudice. Joseph's claims against the Individual Defendants in their personal capacity are DISMISSED without prejudice. The Court UNSEALS the action.

1 | The clerk is ordered to provide copies of this order to all counsel.
2 | Dated this 26th day of July, 2011.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER DISMISSING JOSEPH'S QUI TAM
ACTION AND UNSEALS THE ACTION- 6